### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**(Alexandria Division)**

LINDA B. MATARESE,                                   )
                                                     )
                            Plaintiff,               )
          v.                                         ) Case# 1:09-cv-00857 (GBL/JFA)
                                                     )
ARCHSTONE PENTAGON CITY, et al.,                     )
                                                     )
                            Defendants.              )

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants Archstone Pentagon City (f/k/a Parc Vista), Smith Property Holdings Parc

Vista, L.L.C., Archstone Communities, L.L.C., Archstone Multifamily Series I Trust, Archstone,

Malcolm McGregor, Mitchell Mann, Amilcar Garcia, Deeqa Nur and Katrina Wood (collectively

"Defendants"), by and through their undersigned counsel, respond to the correspondingly

numbered paragraphs of the First Amended Complaint as follows:

1.      Admitted that Matarese seeks the relief cited; denied that she is entitled thereto.

        Admitted that Archstone owns, operates and manages apartments including in the

        Washington, DC metro area and the cities referenced.

2.      Denied that the actions of which Matarese complains are matters of discrimination

        arising under either the federal or state statutes cited.

3.      Jurisdiction of this court is admitted.

4.      The allegations of Paragraph 4 are denied.

5.      Admitted that such relief is sought and that this court has jurisdiction. Denied that any

        such relief is appropriate.

6.      Venue is admitted.

7.      Admitted that Matarese has lived at the Archstone Pentagon City (fka Parc Vista) with her husband since 1991.  Admitted that Matarese's mother has lived in Unit 1411 since 2001.  The remaining allegations of paragraph 7 are denied.

8.      Admitted that the Archstone Pentagon City is an apartment complex of approximately 300 units at the address identified and that Archstone Pentagon City is in the business of renting the units.  The remaining allegations of paragraph 8 are denied.

9.      The allegations of Paragraph 9 are admitted.

10.     The allegations of Paragraph 10 are denied.

11.     The allegations of Paragraph 11 are denied.

12.     The allegations of Paragraph 12 are denied.

13.     Admited McGregor was Assistant Community Manager and is the Community Manager for Archstone Pentagon City.

14.     Admitted that Mann was Operations Manager of Archstone including for the apartment building where Matarese lives.

15.     Admitted that Garcia is and was the Service Manager for Archstone Pentagon City.

16.     Admitted that Nur was the Community Manager of Archstone Pentagon City. Admitted that Nur has lived in Unit 1605 two floors above Matarese.  Admitted that Nur has sometimes ridden in the same elevator as Matarese.  Admitted that Nur is the Community Manager of Archstone's Crystal Towers.

17.     Admitted that Wood is and was the receptionist at the front desk of Archstone Pentagon City.

18.   Admitted that Defendants McGregor, Mann, Wood, Garcia and Nurr each acted within the scope of their respective agency or employment of one or the other of Defendants Archstone at all times relevant hereto.

19.   The allegations of Paragraph 19 are denied.  See Paragraph 18 incorporated herein by reference.

**FACTS**

20.   Admitted that Matarese has repeatedly alleged multiple physical disabilities over the years.  The remaining allegations of Paragraph 20 are denied.

21.   Admitted that Matarese frequently requested accommodations from Archstone.

22.   Admitted that Matarese requested that she be notified whenever painting was to be done and that actions be taken including those set forth in paragraph 22.

23.   Admitted that Plaintiff requested accommodations in 2004.

24.   The allegations of Paragraph 24 are denied.

25.   The allegations of Paragraph 25 are denied.

26.   Admitted that the exterior trim of the building was scheduled to be painted in 2005 and that all residents were given notice of same.  The remaining allegations of Paragraph 26 are denied.

27.   The use of oil-based paint is admitted.  The characterization of McGregor's testimony before the Board is denied.

28.   Admitted that in 2006 Archstone began painting the exterior of the building's metal window trim and metal balcony railings.  Defendants are without sufficient information and therefore can neither admit nor deny why Matarese may have failed

to take a particular action in this regard.  The remaining allegations of paragraph 28 are denied.

29.     Admitted that Archstone gave Matarese advance notice of the forthcoming need to paint some of the interior of the rental units.

30.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 30 as to whether or when Matarese received such a memorandum from Defendant McGregor.

31.     All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 31.  Defendant McGregor admits to having had a meeting with Matarese but denies the substance and characterization of the meeting and statements made at any such meeting as stated in Paragraph 31.  Exhibits 2A and 2B speak for themselves.  Defendant McGregor does not independently recall seeing or being given these documents at a particular meeting or on a particular date and therefore denies allegations specifying otherwise.

32.     Allegations regarding the nature of Defendant McGregor's response and Matarese's beliefs relating thereto and/or resulting therefrom are denied.  Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 32 and therefore deny same.

33.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 33 and therefore deny same.

34.     Admitted that no painting was done in Matarese's unit on May 16, 2007.  Admitted that no lease renewal invitation letter was sent to Matarese in mid-August 2007.

Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 34 and therefore deny same.

35. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 35 and therefore deny same.

36. Admitted that by late October 2007, Archstone had not offered Matarese a lease renewal. The remaining allegations of Paragraph 36 are denied.

37. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 37 and therefore deny same. Admitted that Archstone takes no issue with the timeliness of Matarese's lease renewals dating back to 1991.

38. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 38 regarding Matarese's beliefs and therefore deny same.

39. The allegations of Paragraph 39 are denied.

40. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 40 regarding Matarese's beliefs or knowledge and therefore deny same.

41. Denied that the quoted testimony is proof of Matarese's alleged fears.

42. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 42 as to whether or when Matarese received such notice and therefore deny same. Admitted that Archstone provided advance notice of intent to paint in Matarese's unit.

43. The allegations of Paragraph 43 are denied.

44. The allegations of Paragraph 44 are denied.

45.     Admitted that Exhibit 1 has been accurately quoted.  Denied that the quoted language represents any sort of admission or that the language "confirms" any prior knowledge of Defendant Mann.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

**Mann and McGregor:  Entrance into Matarese's Apartment to Paint**

48.     Denied that any effort to gain entrance to Matarese's unit was falsely made or otherwise wrongful.  Denied that Exhibit 6 is the complete Matarese Lease dated November 7, 2007.

49.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 49 and therefore deny same.

50.     The allegations of Paragraph 50 are denied.

51.     The allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 are denied.

53.     The allegations of Paragraph 53 are denied.

54.     Defendants are without sufficient information to either admit or deny the allegations of Paragraph 54 and therefore deny same.  Denied that "Kevin's" referenced testimony before the VFHB corroborates anything.

55.     All but Defendant Mann are without sufficient information to admit or deny the allegations of Paragraph 55.  Defendant Mann admits to having had discussions with Matarese but denies the substance and characterization of the discussions and statements made during any such discussions as stated in Paragraph 55.  Defendant

Mann does not independently recall discussing such matters during a particular phone call or on a particular date and therefore denies allegations specifying otherwise.

56.     The allegations of Paragraph 56 are denied.

57.     The allegations of Paragraph 57 are denied.

58.     Admitted that Defendant Mann advised Matarese of the intent to paint inside her unit after reading a letter which Matarese provided purporting to be from a doctor.

59.     The allegations of Paragraph 59 are denied.

60.     The allegations of Paragraph 60 are denied.

61.     All but Defendant Mann are without sufficient information to admit or deny the allegations of Paragraph 61.  Defendant Mann admits to having had discussions with Matarese but denies the substance and characterization of the discussions and statements made during any such discussions as stated in Paragraph 61.  Defendant Mann does not independently recall discussing such matters during a particular phone call or on a particular date and therefore denies allegations specifying otherwise.

62.     All but Defendant Mann are without sufficient information to admit or deny the allegations of Paragraph 62.  Defendant Mann admits to having not reached an agreement with Matarese about painting.  Defendant Mann does not independently recall discussing such matters during a particular phone call or on a particular date and therefore denies allegations specifying otherwise.

63.     The allegations of Paragraph 63 are denied.

64.     The allegations of Paragraph 64 are denied.  Admitted that not painting constituted an accommodation to Matarese.

65.    Admitted that Defendant Mann offered to accommodate Matarese by putting her up in a hotel.  Admitted that Matarese refused the offered accommodation.  Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 65 and therefore deny same.

66.    Admitted that Defendant Mann offered to accommodate Matarese by having her stay in her mother's unit.  Admitted that Matarese refused the offered accommodation.

67.    Defendants are without sufficient information to either admit or deny the allegations of Paragraph 67 regarding Matarese and Kevin and therefore deny same.  The remaining allegations of Paragraph 67 are denied.

68.    Admitted that renovation projects on the building were undertaken and pursued in the November 2007 timeframe.  The remaining allegations of Paragraph 68 are denied.

69.    Admitted that unit 1407 was renovated in the summer of 2008.  The remaining allegations of Paragraph 69 are denied.

70.    Admitted that unit 1412 was renovated in the summer of 2008.  Defendants are without sufficient information to either admit or deny the remaining allegations of Paragraph 70 and therefore deny same.

71.    Admitted that a service request was made after regular business hours on Thursday, February 14, 2008 seeking "window seal" on master bedroom window of the Matarese unit.  Admitted that the service request was resolved.

72.    Admitted that a plumbing leak in the Matarese unit was identified and repaired within 24 hours of its having been reported on or about June 5 or June 6, 2008.  Admitted that the damaged drywall was repaired the same day.

73.    All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 73.  Defendant Garcia does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

74.    All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 74.  Defendant Garcia does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

75.    All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 75.  Defendant Garcia does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

76.    Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 76 and therefore deny same.

77.    Whether hypersensitivity to smoke qualifies as a handicap in general or in a specific situation is a conclusion of law to which no response is required.  To the extent a response is deemed required, the allegations of Paragraph 77 are denied.

78.    Admitted that tenants moved into the unit next door to Matarese in June 2008.  The remaining allegations of Paragraph 78 are denied.

79.    Admitted that there have been smokers living in Archstone Pentagon City throughout Matarese's tenancy.  The remaining allegations of Paragraph 79 are denied.

80.    All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 80.  Defendant McGregor does not independently recall

discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

81.     All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 81.  Defendant McGregor does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.  The remaining allegations of Paragraph 81 are denied.

82.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 82 and therefore deny same.  To the extent Matarese is admitting hereby that Archstone accommodated and/or alleviated alleged difficulties arising from smoke from neighboring unit(s), the allegations are admitted.

83.     All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 83.  Defendant Garcia does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

84.     All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 84.  Defendant Garcia does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

85.     All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 85.  Defendant McGregor does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

86.     All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 86.  Defendant McGregor does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

87.     All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 87.  Defendant McGregor does not independently recall discussing such matters during a particular visit to the Matarese unit or on a particular date and therefore denies allegations specifying otherwise.

88.     Admitted that the referenced air purifiers were acquired and delivered to Matarese as an accommodation and that Matarese had not requested the air purifiers.  The remaining allegations of Paragraph 88 are denied.

89.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 89 and therefore deny same.  To the extent Matarese is admitting that one on behalf of Archstone took action to alleviate any difficulty she was having with smoke from a neighboring unit, the allegations are admitted.  Otherwise, the remaining allegations of Paragraph 89 are denied.

90.     Admitted that reasonable accommodations with maintenance technicians and others were worked out with Matarese dating back to 2004.  The remaining allegations of Paragraph 90 are denied.

91.     All but Defendant Wood are without sufficient information to admit or deny the allegations of Paragraph 91 regarding statements made to or by Matarese.  Defendant Wood does not independently recall making such statements or discussing such matters during any particular visit to the Matarese unit or on any particular date and

therefore denies allegations specifying otherwise. The remaining allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93. All but Defendants Nur and Wood are without sufficient information to admit or deny the allegations of Paragraph 93 regarding the August 8, 2008 confrontation. Defendants Nur and Wood deny the facts of the events of that date as stated.

94. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 94 regarding statements allegedly made by McGregor to Matarese. Defendant McGregor does not independently recall making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 94.

95. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 95 regarding statements allegedly made by McGregor to Matarese. Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 95. The remaining allegations of Paragraph 95 are denied.

96. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 96 regarding statements allegedly made by McGregor to Matarese. Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 96. The remaining allegations of Paragraph 96 are denied.

97. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 97 regarding statements allegedly made by McGregor to

Matarese.  Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 97.  The remaining allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied.

99.     The allegations of Paragraph 99 are denied.

100.    Admitted that Defendant McGregor had the authority to terminate Matarese's lease without Mann present.

101.    The allegations of Paragraph 101 are denied.

102.    The allegations of Paragraph 102 are denied.

103.    The allegations of Paragraph 103 are denied.

104.    All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 104 regarding statements allegedly made by McGregor to Matarese and/or by her to him.  Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 104.  The remaining allegations of Paragraph 104 are denied.

105.    All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 105 regarding statements allegedly made by McGregor to Matarese and/or by her to him.  Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 105.  The remaining allegations of Paragraph 105 are denied.

106.    Exhibit 14 is admitted.  Defendants are without sufficient information to admit or deny the allegations of Paragraph 106 and therefore deny same.

107.    Admitted that no Notice of Termination was sent to Matarese's mother.

108.    Admitted that as of August 17, 2008, Units 1405 and 1411 (Matarese's unit and her
        mother's) were publicly listed as available for rent starting November 26, 2008.  The
        remaining allegations of Paragraph 108 are denied.

109.    There are no allegations made in Paragraph 109.  To the extent a response is deemed
        required, Paragraph 109 is denied.

110.    All but Defendant Mann are without sufficient information to admit or deny the
        allegations of Paragraph 110 regarding statements allegedly made by Mann to
        Matarese and/or by her to him.  Defendant Mann denies making such statements
        and/or doing so on any particular date or time and therefore denies the allegations of
        Paragraph 110.  The remaining allegations of Paragraph 110 are denied.

111.    All but Defendant Mann are without sufficient information to admit or deny the
        allegations of Paragraph 111 regarding statements allegedly made by Mann to
        Matarese and/or by her to him.  Defendant Mann denies making such statements
        and/or doing so on any particular date or time and therefore denies the allegations of
        Paragraph 111.  The remaining allegations of Paragraph 111 are denied.

112.    All but Defendant Mann are without sufficient information to admit or deny the
        allegations of Paragraph 112 regarding statements allegedly made by Mann to
        Matarese and/or by her to him.  Defendant Mann denies making such statements
        and/or doing so on any particular date or time and therefore denies the allegations of
        Paragraph 112.  The remaining allegations of Paragraph 112 are denied.

113.    All but Defendant Mann are without sufficient information to admit or deny the
        allegations of Paragraph 113 regarding statements allegedly made by Mann to
        Matarese and/or by her to him.  Defendant Mann denies making such statements

and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 113. The remaining allegations of Paragraph 113 are denied.

114. All but Defendant Mann are without sufficient information to admit or deny the allegations of Paragraph 114 regarding statements allegedly made by Mann to Matarese and/or by her to him. Defendant Mann denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 114. The remaining allegations of Paragraph 114 are denied.

115. All but Defendant Mann are without sufficient information to admit or deny the allegations of Paragraph 115 regarding statements allegedly made by Mann to Matarese and/or by her to him. Defendant Mann denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 115. The remaining allegations of Paragraph 115 are denied.

116. There are no allegations made in Paragraph 116. To the extent a response is deemed required, Paragraph 116 is denied.

117. There are no allegations made in Paragraph 117. To the extent a response is deemed required, Paragraph 117 is denied.

118. Defendants are without sufficient information to admit or deny the allegations of Paragraph 118 and therefore deny same.

119. There are no allegations made in Paragraph 119. To the extent a response is deemed required, Paragraph 119 is denied.

120. Admitted that Defendant McGregor issued and had served on Matarese by posting on her unit door an "amended non-renewal notice" dated 10/29/2008. Exhibit 21 is admitted.

121.    Exhibit 21 is admitted.  The remaining allegations of Paragraph 121 regarding the notice are denied.  Admitted that an amended Virginia Fair Housing Office (VFHO) complaint was prepared and signed by Matarese and dated "12-12-08."

122.    Admitted that VFHO Investigator Miller rejected Matarese's charge of retaliation and that Archstone was just doing what it was entitled to do.  The remaining allegations of Paragraph 122 are denied.

123.    The allegations of Paragraph 123 are denied.

124.    The allegations of Paragraph 124 are denied.

125.    The allegations of Paragraph 125 are denied.

126.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 126 and therefore deny same.

127.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 127 and therefore deny same.

128.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 128 and therefore deny same.

129.    Admitted that Archstone instituted a new rental program in December 2008 offering lower rent to particular residents.

130.    All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 130 regarding statements allegedly made by McGregor to Matarese and/or by her to him.  Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 130.

131.    All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 131 regarding statements allegedly made by McGregor to Matarese and/or by her to him.  Defendant McGregor denies making such statements and/or doing so on any particular date or time and therefore denies the allegations of Paragraph 131.

132.    Admitted that Matarese filed complaints with the Arlington County Human Rights Office.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 132 and therefore deny same.

133.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 133 and therefore deny same.

134.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 134 and therefore deny same.

135.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 135 and therefore deny same.

136.    Admitted that the Virginia Fair Housing Board determined there was "NO REASONABLE    CAUSE"    to    believe    Defendants    committed    an    unlawful discriminatory housing practice.

137.    Admitted that the Board Decision was based on the Final Investigative Report. Denied that the entirety of the Final Investigative Report is properly before the court (e.g. defendants' counsel's copy does not include referenced Tabs).

138.    Admitted that Matarese filed a Petition for Reconsideration with the Board. Defendants are without sufficient information to know whether the Petition was timely filed.

139.    The Petition speaks for itself.  Otherwise, the allegations of Paragraph 139 are denied.

140.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 140 and therefore deny same.

141.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 141 and therefore deny same.

142.    The allegations of Paragraph 142 are conclusions of law not requiring a response.  To the extent a response is deemed required, the allegations are denied.

143.    The allegations of Paragraph 143 are conclusions of law not requiring a response.  To the extent a response is deemed required, the allegations are denied.

144.    Paragraphs 144 – 153 state conclusions of law not requiring a response.  To the extent a response is deemed required, the allegations are denied.

145.    See Paragraph 144 incorporated herein by reference.

146.    See Paragraph 144 incorporated herein by reference.

147.    See Paragraph 144 incorporated herein by reference.

148.    See Paragraph 144 incorporated herein by reference.

149.    See Paragraph 144 incorporated herein by reference.

150.    See Paragraph 144 incorporated herein by reference.

151.    See Paragraph 144 incorporated herein by reference.

152.    See Paragraph 144 incorporated herein by reference.

153.    See Paragraph 144 incorporated herein by reference.  See also Defendants' response to Paragraph 56 incorporated herein by reference.

154.    The allegations of Paragraph 154 are denied. See also Defendants' response to Paragraph 43 incorporated herein by reference.

155.    See Paragraph 43 incorporated herein by reference.

156.    The allegations of Paragraph 156 are denied.  See Defendants' response to Paragraph 114 incorporated herein by reference

157.    The allegations of Paragraph 157 are argumentative and conclusions of law to which no response is necessary.  To the extent a response is deemed required, the allegations are denied.

158.    Admitted that Archstone issued an amended termination notice to allow Matarese additional time to vacate the unit.

159.    Admitted that the amended notice was taped to the Matarese's door and that the Board rejected Matarese's claim of retaliation.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are conclusions of law to which no response is necessary.  To the extent a response is deemed required, the allegations are denied.

162.    Admitted that Archstone knew Matarese claimed to have a handicap and claimed to be disabled.  Archstone admits that Matarese made requests for accommodations.

163.    The allegations of Paragraph 163 are denied.

164.    Denied that the Board failed to consider any particular allegation or that it in any way failed to perform its duties in investigating and concluding that there was no reasonable cause to believe a violation of fair housing laws was committed by Archstone or anyone on its behalf.

165.    See Paragraph 164 incorporated herein by reference.

166.    The allegations of Paragraph 166 are denied.

167.    The allegations of Paragraph 167 are denied. See Paragraphs 32-34 incorporated herein by reference.

168.    The allegations of Paragraph 168 are denied.

169.    The allegations of Paragraph 169 are denied.

170.    The allegations of Paragraph 170 are conclusions of law to which no response is necessary.  To the extent a response is deemed required, the allegations are denied.

171.    The allegations of Paragraph 171 are denied.

172.    Admitted that sealing Matarese's windows was not done in direct response to her complaints about smoke.  Admitted that Matarese did not specifically request the air purifiers that Archstone purchased and provided to her as an accommodation for her issues with smoke from her neighbors' smoking.

173.    The allegations of Paragraph 173 are denied.

174.    The allegations of Paragraph 174 – 176 state conclusions of law to which no response is necessary.  To the extent a response is deemed required, the allegations are denied.

175.    See Paragraph 174 incorporated herein by reference.

176.    See Paragraph 174 incorporated herein by reference.

177.    The allegations of Paragraph 177 are denied.

178.    Paragraphs 178 to 193 allege that the identified statements to the Board were false and/or defamatory.  Defendants testified truthfully before the Board, and, therefore, the allegations of Paragraph 178 - 193 are denied.

179.    See Paragraph 178 incorporated herein by reference.

180.    See Paragraph 178 incorporated herein by reference.

181.    See Paragraph 178 incorporated herein by reference.

182.    See Paragraph 178 incorporated herein by reference.

183.    See Paragraph 178 incorporated herein by reference.

184.    See Paragraph 178 incorporated herein by reference.

185.    See Paragraph 178 incorporated herein by reference.

186.    See Paragraph 178 incorporated herein by reference.

187.    See Paragraph 178 incorporated herein by reference.

188.    See Paragraph 178 incorporated herein by reference.

189.    See Paragraph 178 incorporated herein by reference.

190.    See Paragraph 178 incorporated herein by reference.

191.    See Paragraph 178 incorporated herein by reference.

192.    See Paragraph 178 incorporated herein by reference.

193.    See Paragraph 178 incorporated herein by reference.

194.    Defendants are without sufficient information to admit or deny the allegations of
        Paragraph 194 and therefore deny same.

195.    The allegations of Paragraph 195 are denied.

196.    The allegations of Paragraph 196 are denied.

197.    The allegations of Paragraph 197 are denied.

198.    The allegations of Paragraph 198 are denied.

199.    The allegations of Paragraph 199 are denied.

200.    The allegations of Paragraph 200 are denied.

201.    The allegations of Paragraph 201 are denied.

202.    The allegations of Paragraph 202 are denied.

203. Defendants are without sufficient information to admit or deny the allegations of Paragraph 203 regarding conversations with Stuart Shaginaw and Olsen Cruz and therefore deny same. The remaining allegations of Paragraph 203 are denied.

204. The allegations of Paragraph 204 are denied.

205. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 205 regarding a letter from Matarese to McGregor. Defendant McGregor does not specifically recall receiving such a letter, or doing so on any particular date or time and therefore denies the allegations of Paragraph 205. The remaining allegations of Paragraph 205 are denied.

206. To the extent Matarese is admitting that the actions taken by Wood alleviated her difficulty and accommodated her alleged disability, the allegations of Paragraph 206 are admitted. Otherwise, all but Defendant Wood are without sufficient information to admit or deny the allegations of Paragraph 206 regarding statements allegedly made by Wood to Matarese and/or by her to Wood. Defendant Wood denies making such statements and/or doing so on any particular date or time.

207. All but Defendant McGregor are without sufficient information to admit or deny the allegations of Paragraph 207 regarding the events alleged to have occurred on March 13, 2009. Defendant McGregor does not specifically recall the details of the events as alleged and does not independently recall any such events as having occurred on any particular date or time and therefore denies the allegations of Paragraph 207.

208. Defendants are without sufficient information to admit or deny what Investigator Miller may have requested of Matarese in this regard. Admitted that Matarese prepared a written complaint dated May 20, 2009 setting forth allegations regarding

an incident alleged to have occurred on March 13, 2009.  The remaining allegations of Paragraph 208 are denied.

209.    Admitted that on or about May 29, 2009, painting of the fire stairwells began.

210.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 210 and therefore deny same.

211.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 211 regarding conversations with Stuart Shaginaw and Olsen Cruz and therefore deny same.  The remaining allegations of Paragraph 211 are denied.

212.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 212 and therefore deny same.

213.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 213 regarding conversations with Mike Howell and therefore deny same. The allegations of Paragraph 213 are denied.

214.    All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 214 regarding the events alleged to have occurred. Defendant Garcia does not specifically recall the details of the events as alleged and does not independently recall any such events as having occurred on any particular date or time and therefore denies the allegations of Paragraph 214.  To the extent Matarese is admitting that the actions taken by Defendant Garcia alleviated her difficulty and accommodated her alleged disability, the allegations of Paragraph 214 are admitted.

215.    The allegations of Paragraph 215 are admitted.

216.    The allegations of Paragraph 216 are admitted.

217.    Admitted that Defendant McGregor rejected Matarese's request for accommodation and required that she provide the required information on the Archstone Request for Verification form.  Admitted that Matarese's request was delayed as a consequence of her not having provided Archstone with the required form.

218.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 218 regarding conversations with the unidentified painting supervisor and therefore deny same.  To the extent Matarese is admitting that the actions taken by the painting supervisor alleviated her difficulty and accommodated her alleged disability, the allegations of Paragraph 218 are admitted.

219.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 219 and therefore deny same.  To the extent Matarese is admitting that the actions taken by the painting supervisor accommodated her alleged disability, the allegations of Paragraph 219 are admitted.

220.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 220 and therefore deny same.  To the extent Matarese is admitting that the actions taken by the painters accommodated her alleged disability, the allegations of Paragraph 220 are admitted.

221.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 221 and therefore deny same.  To the extent Matarese is admitting that the actions taken by the painters accommodated her alleged disability, the allegations of Paragraph 221 are admitted.

222.    The allegations of Paragraph 222 are admitted.

223.    The allegations of Paragraph 223 are admitted.

224.    The allegations of Paragraph 224 are admitted.

225.    All but Defendant Garcia are without sufficient information to admit or deny the allegations of Paragraph 225 regarding the events alleged to have occurred. Defendant Garcia does not specifically recall the details of the events as alleged and does not independently recall any such events as having occurred on any particular date or time and therefore denies the allegations of Paragraph 225.  Admitted that Matarese faxed her letter to Attorney John Raftery as alleged.

226.    The allegations of Paragraph 226 are admitted.

227.    Paragraphs 227 – 251 are based either expressly or impliedly on the allegation that Matarese has lived "under the fear of eviction" and each of the alleged actions in these paragraphs confirmed a basis for the fear.  On this basis, Defendants deny the allegations of Paragraphs 227 - 251.

228.    See Paragraph 227 incorporated herein by reference.  Defendants are without sufficient information to either admit or deny the allegations of Paragraph 227 regarding Matarese and Kevin and therefore deny same.

229.    See Paragraph 227 incorporated herein by reference.  Admitted that as of October 2007, Archstone had not painted inside her apartment.

230.    See Paragraph 227 incorporated herein by reference.   See Paragraphs 42-50 incorporated herein by reference.

231.    See Paragraph 227 incorporated herein by reference. See Paragraphs 51-52 incorporated herein by reference.

232.    See Paragraph 227 incorporated herein by reference.  Allegations regarding unproved allegations in the *Pratt v. Archstone Willow Glen* case are wholly irrelevant,

impertinent, and inappropriate and should therefore be stricken.  The allegations of Paragraph 232 - 233 regarding and/or relating this case to *Pratt* are denied.

233.   See Paragraphs 227 and 232 incorporated herein by reference.

234.   See Paragraph 227 incorporated herein by reference.

235.   See Paragraph 227 incorporated herein by reference.

236.   See Paragraph 227 incorporated herein by reference.

237.   See Paragraph 227 incorporated herein by reference.  See also Paragraphs 77-91 incorporated herein by reference.

238.   See Paragraph 227 incorporated herein by reference.  The allegations of Paragraph 238 are denied.

239.   See Paragraph 227 incorporated herein by reference.  The allegations of Paragraph 239 are denied.

240.   See Paragraph 227 incorporated herein by reference.

241.   See Paragraph 227 incorporated herein by reference.

242.   See Paragraph 227 incorporated herein by reference.

243.   See Paragraph 227 incorporated herein by reference.  Admitted that Archstone refuses to renew the Matarese lease and instead suffers her continued month to month tenancy during the pendency of this litigation.

244.   See Paragraph 227 incorporated herein by reference.  The allegations of Paragraph 244 are denied.

245.   See Paragraph 227 incorporated herein by reference.  The allegations of Paragraph 245 are denied.

246.   See Paragraph 227 incorporated herein by reference.

247.   See Paragraph 227 incorporated herein by reference.

248.   See Paragraph 227 incorporated herein by reference.

249.   See Paragraph 227 incorporated herein by reference.

250.   See Paragraph 227 incorporated herein by reference.

251.   See Paragraph 227 incorporated herein by reference.

252.   The allegations of Paragraph 252 are denied.

253.   The allegations of Paragraph 253 are denied.

254.   Admitted that Archstone refuses to renew the Matarese lease and instead suffers her continued month to month tenancy during the pendency of this litigation. The remaining allegations of Paragraph 254 are denied.

255.   The allegations of Paragraph 255 are denied.

256.   The allegations of Paragraph 256 are denied.

257.   The allegations of Paragraph 257 are denied.

258.   The allegations of Paragraph 258 are denied.

259.   The allegations of Paragraph 259 are admitted.

260.   The allegations of Paragraph 260 are denied.

261.   Admitted that Archstone gave written notice on or about October 16, 2009, that it "recognizes and acknowledges the disability" previously identified by Matarese and that "all reasonable requests for accommodation will be granted."  Denied that this represents "blatant discrimination" against Matarese.

262.   Admitted that Matarese was not offered an invitation to renew her lease.

263.   Admitted that Matarese was not offered an invitation to renew her lease.

264.    Admitted that Matarese was not offered an invitation to renew her lease and was instead advised of a rent increase.

265.    Admitted that Matarese was not offered a rent discount.

266.    Admitted that Matarese was not offered a rent discount.

267.    The October 16, 2009 letter has already been admitted.  The remaining allegations of Paragraph 267 are denied.

268.    The allegations of Paragraph 268 are denied.   The rhetorical question posed in Paragraph 268 does not require a response and should be stricken as inappropriate.

269.    The allegations of Paragraph 269 are denied.

270.    Paragraphs 270 - 276 state conclusions of law not requiring a response.  To the extent a response is deemed required, the allegations are denied.   See Paragraph 144 incorporated herein by reference.

271.    See Paragraph 270 incorporated herein by reference.

272.    See Paragraph 270 incorporated herein by reference.

273.    See Paragraph 270 incorporated herein by reference.

274.    See Paragraph 270 incorporated herein by reference.

275.    See Paragraph 270 incorporated herein by reference.

276.    Paragraph 276 – 308 are all duplicative, previously stated allegations to which responses have already been provided.  They are contextualized here as allegedly "substantiating" or otherwise "showing discriminatory animus was the motivating factor" for Archstone's actions relating to Matarese.  On this basis, the allegations in Paragraphs 276 – 308 are denied.

277.    See Paragraph 276 incorporated herein by reference.

278.   See Paragraph 276 incorporated herein by reference.

279.   See Paragraph 276 incorporated herein by reference.

280.   See Paragraph 276 incorporated herein by reference.

281.   See Paragraph 276 incorporated herein by reference.

282.   See Paragraph 276 incorporated herein by reference.

283.   See Paragraph 276 incorporated herein by reference.

284.   See Paragraph 276 incorporated herein by reference.

285.   See Paragraph 276 incorporated herein by reference.

286.   See Paragraph 276 incorporated herein by reference.

287.   See Paragraph 276 incorporated herein by reference.

288.   See Paragraph 276 incorporated herein by reference.

289.   See Paragraph 276 incorporated herein by reference.

290.   See Paragraph 276 incorporated herein by reference.  Allegations regarding unproved allegations in the *Pratt v. Archstone Willow Glen* case are wholly irrelevant, impertinent, and inappropriate and should therefore be stricken.  The allegations of Paragraph 290 – 292 regarding and/or relating this case to *Pratt* are denied.

291.   See Paragraphs 276 and 290 incorporated herein by reference.

292.   See Paragraph 276 and 290 incorporated herein by reference.

293.   See Paragraph 276 incorporated herein by reference.

294.   See Paragraph 276 incorporated herein by reference.

295.   See Paragraph 276 incorporated herein by reference.

296.   See Paragraph 276 incorporated herein by reference.

297.   See Paragraph 276 incorporated herein by reference.

298.    See Paragraph 276 incorporated herein by reference.

299.    See Paragraph 276 incorporated herein by reference.

300.    See Paragraph 276 incorporated herein by reference.

301.    See Paragraph 276 incorporated herein by reference.

302.    See Paragraph 276 incorporated herein by reference.

303.    See Paragraph 276 incorporated herein by reference.

304.    See Paragraph 276 incorporated herein by reference.

305.    See Paragraph 276 incorporated herein by reference.

306.    See Paragraph 276 incorporated herein by reference.

307.    See Paragraph 276 incorporated herein by reference.  The rhetorical question posed in Paragraph 307 does not require a response and should be stricken as inappropriate.

308.    See Paragraph 276 incorporated herein by reference.

309.    Paragraph 309 – 317 are all duplicative, previously stated allegations to which responses have already been provided.  They are repeated and/or restated in the context of Matarese's "disparate impact" legal argument as allegedly showing discriminatory effect.  On this basis, the allegations in Paragraphs 309 – 317 are denied.

310.    See Paragraph 309 incorporated herein by reference.

311.    See Paragraph 309 incorporated herein by reference.

312.    See Paragraph 309 incorporated herein by reference.

313.    See Paragraph 309 incorporated herein by reference.

314.    See Paragraph 309 incorporated herein by reference.

315.    See Paragraph 309 incorporated herein by reference.

316.    See Paragraph 309 incorporated herein by reference.

317.    See Paragraph 309 incorporated herein by reference.

**Injuries**

318.    The allegations of Paragraph 318 are denied.

319.    The allegations of Paragraph 319 are denied.

320.    The allegations of Paragraph 320 are denied.

321.    The allegations of Paragraph 321 are denied.

322.    The allegations of Paragraph 322 are denied.

323.    The allegations of Paragraph 323 are denied.

324.    The allegations of Paragraph 324 are denied.

**Claims for Relief**

**Count I:   Refusal to Rent (42 USC §3604(f)(1))**

325.    Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 324.

326.    The allegations of Paragraph 326 are denied.

327.    The allegations of Paragraph 327 are denied.

328.    The allegations of Paragraph 328 are denied.

329.    The allegations of Paragraph 329 are denied.

**Count II:   Refusal to Rent (Va. Code §36-96.3(A)(8))**

330.    Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 329.

331.    The allegations of Paragraph 331 are denied.

332.    The allegations of Paragraph 332 are denied.

333.    The allegations of Paragraph 333 are denied.

334.    The allegations of Paragraph 334 are denied.

**Count III:  Discriminating in Rental Because of Handicap (42 USC §3604(f)(2))**

335.    Defendants reallege and incorporate herein by reference each and every allegation
        contained in paragraphs 1 - 334.

336.    The allegations of Paragraph 336 are denied.

337.    The allegations of Paragraph 337 are denied.

338.    The allegations of Paragraph 338 are denied.

**Count IV:  Discriminating in Rental Because of Handicap (Va. Code §36-96.3(A)(9))**

339.    Defendants reallege and incorporate herein by reference each and every allegation
        contained in paragraphs 1 - 338.

340.    The allegations of Paragraph 340 are denied.

341.    The allegations of Paragraph 341 are denied.

342.    The allegations of Paragraph 342 are denied.

343.    The allegations of Paragraph 343 are denied.

**Count V:  Discrimination by Refusing Accommodation (42 USC §3604(f)(3)(B))**

344.    Defendants reallege and incorporate herein by reference each and every allegation
        contained in paragraphs 1 - 343.

345.    The allegations of Paragraph 345 are denied.

346.    The allegations of Paragraph 346 are denied.

347.    The allegations of Paragraph 347 are denied.

348.    The allegations of Paragraph 348 are denied.

349.    The allegations of Paragraph 349 are denied.

**Count VI:  Discrimination by Refusing Accommodation (Va. Code §36-96.3(B))**

350.   Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 349.

351.   The allegations of Paragraph 351 are denied.

352.   The allegations of Paragraph 352 are denied.

353.   The allegations of Paragraph 353 are denied.

354.   The allegations of Paragraph 354 are denied.

355.   The allegations of Paragraph 355 are denied.

**Count VII:  Discrimination based on Handicap (42 USC §3604(c))**

356.   Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 355.

357.   The allegations of Paragraph 357 are denied.

358.   The allegations of Paragraph 358 are denied.

**Count VIII:  Discrimination by Refusing Accommodation (Va. Code §36-96.3(A)(3))**

359.   Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 358.

360.   The allegations of Paragraph 360 are denied.

361.   The allegations of Paragraph 361 are denied.

**Count IX:  Coercion/Intimidation (42 USC §3617)**

**Count X:  Coercion/Intimidation (Va. Code §36-96.5))**

362.   Counts IX and X were dismissed by court order dated March 22, 2010.

363.   See Paragraph 362 incorporated herein by reference.

364.   See Paragraph 362 incorporated herein by reference.

365.    See Paragraph 362 incorporated herein by reference.

366.    See Paragraph 362 incorporated herein by reference.

367.    See Paragraph 362 incorporated herein by reference.

368.    See Paragraph 362 incorporated herein by reference.

369.    See Paragraph 362 incorporated herein by reference.

370.    See Paragraph 362 incorporated herein by reference.

371.    See Paragraph 362 incorporated herein by reference.

**Count XI:  Negligence as to Defendants Archstone, McGregor, Mann and Nur**

Defendants reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 - 371.

372.    The allegations of Paragraph 372 are denied.

373.    The allegations of Paragraph 373 are denied.

374.    The allegations of Paragraph 374 are denied.

375.    Any allegations not specifically admitted are hereby denied.

376.    Defendants deny that Matarese is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1.  Failure to state a claim under Count XI for negligence.

2.  Failure to state a claim against Defendant Nur, or any action of Nur for which any other party might be held vicariously liable.

3.  Failure to state a claim against Defendant Wood, or any action of Wood for which any other party might be held vicariously liable.

4.  Failure to state a claim of discrimination under either federal or Virginia state law based on refusal to rent (except as may be limited to alleged denial to renew and/or denial to transfer)

5.  Estoppel.   Matarese is estopped from claiming discrimination based on failure to accommodate a handicap after having accepted and acknowledged accommodations made.  Similarly, her ongoing, long-term rental relationship with Archstone estops her from claiming discrimination based on a failure to deny rental for all but the alleged denial to renew and/or denial to transfer.

6.  Accord and satisfaction (accommodation).  Many of the alleged discriminatory acts were acknowledged by plaintiff to have been accommodated in one way or another.

Wherefore, Defendants request that an Order be entered granting judgment in their favor against the Plaintiff Linda Matarese on each and all of the eleven counts of the First Amended Complaint, and for such other relief as to the Court seems just and proper.

OFFIT KURMAN, P.C.

Dated: March 31, 2010        By:    /s/ Thomas W. Repczynski
                               John B. Raftery, VSB No. 24393
                               Thomas W. Repczynski, VSB No. 39967
                               4800 Montgomery Lane, 9th Floor
                               Bethesda, Maryland 20814
                               (240) 507-1700 (telephone)
                               (240) 507-1735 (fax)
                               jraftery@offitkurman.com
                               trepczynski@offitkurman.com

                               Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on March 31, 2010, a copy of the foregoing *Answer*, was filed electronically via the Court's CM/ECF system and that on March 8, 2010, copies are to be served by first-class mail, postage prepaid, upon Linda B. Matarese, 801 15th Street South Apt. 1405, Arlington, VA 22202, Pro Se Plaintiff.


                 _/s/ Thomas W. Repczynski_____
                 Thomas W. Repczynski