UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| LINDA B. MATARESE | : | |
| DOMENIC MATARESE | : | |
| **Plaintiffs,** | : | Case No.: 1:09-cv-00857 |
| | : | |
| v. | : | (GBL/JFA) |
| | : | |
| ARCHSTONE PENTAGON CITY (f/k/a Parc Vista), et al. | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
RULE 26(a)(1)(A)(iii) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 37(a) Defendants Archstone Pentagon City (f/k/a Parc Vista), Smith Property Holdings Parc Vista, LLC, Archstone Communities, LLC, Archstone Multifamily Series I Trust, Archstone, Mitchell Mann, Malcolm McGregor, Deeqa Nur, and Amilcar Garcia (hereinafter, collectively "Defendants" or "Archstone"), through their attorneys Offit Kurman, P.C., hereby move to compel Plaintiffs to disclose the basis for their damages in this case (beyond the mere general cross-reference to their "pleadings") as required under Fed. R. Civ. P. 26(a)(1)(A)(iii) and the Court's Rule 16(B) Scheduling Order, and for their Brief in Support state as follows:

This Court's Rule 16(B) Scheduling Order dated April 28, 2010, required the parties to mutually exchange their Initial Disclosures required under Fed. R. Civ. P. 26(a)(1)(A) on or before May 20, 2010. Plaintiffs' disclosure with respect to damages, i.e. Fed. R. Civ. P. 26(a)(1)(A)(iii), states in its entirety as follows: "Plaintiffs' claims for damages are set forth in their pleadings with the court." (Ex. A, Plfs' Initial Disclosures, at 6.) This generic reference is

wholly inadequate. *See Hertz v. Luzenac Am., Inc.*, 2006 U.S. Dist. LEXIS 25945 (D. Colo. Apr. 13, 2006), *citing City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (holding that a broad or generic description of damages is insufficient under Rule 26(a)(1)(A); "the computation of damages required by Rule 26(a)(1)(A) contemplates some analysis," and an assessment of damages in light of the information currently available to the disclosing party).

Pursuant to the Rule, Plaintiffs are required "without awaiting a discovery request, [to] provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiffs failed to satisfy their obligations under Rule 26(a)(1)(A) to make the requisite disclosures regarding their damages. They provided no calculations and offered up no documents or other evidentiary material supporting their damages claims. This defeats the very purpose of the initial disclosures having been added to the Rule. *See* Fed. R. Civ. P. 26, Advisory Committee's Notes (1993) ("A major purpose of the [1993] revision is to accelerate the exchange of basic information . . . and to eliminate the paper work involved in requesting such information . . . . [Initial disclosures are] the functional equivalent of court-ordered interrogatories."). A party cannot "avoid answering interrogatories by making only a general reference to a mass of documents or records." *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2008 U.S. Dist. LEXIS 108269 (D.N.H. Dec. 29, 2008), *citing Calkins v. Pacel Corp.*, 2008 U.S. Dist. LEXIS 43937, 2008 WL 2311565, *4 (W.D. Va. June 4, 2008). A "party should disclose 'the

best information then available' regarding its calculation of damages." *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 539 (Bankr. D. Del. 2006), quoting 6 James Wm. Moore et al., *Moore's Federal Practice -- Civil* § 26.22(4)(c)(ii) (3d ed. 2005).

Moreover, with the need not only to provide calculations, but also the documents or other evidentiary material supporting them, this provision of the Rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34." *See* Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 26(a)(1) (discussing this provision as it was then codified) *cited in Hypertherm,* 2008 U.S. Dist. LEXIS 108269.

It is appropriate under Fed. R. Civ. P. 37(a) for this Court to compel compliance with this obligation. *See* Fed. R. Civ. P. 37(a)(3)(A) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.").

*Rule 37(a)(3)(A) Sanctions*

Rule 37(a)(3)(A)'s allowance for sanctions with regard to motions to compel disclosures sets it apart from the rest of the Rule which generally only allows for discovery sanctions after a party has first been ordered to comply.  Congress's addition of the disclosure provisions was designed to expedite the discovery process and avoid the need even to make a discovery request to get the type of basic information called for by the initial disclosure requirement.  Failure to comply with the disclosure requirements as a serious matter.  In fact, the Advisory Committee Notes regarding the sanction provision relating to failures to make required disclosures includes the following observation for the Court's benefit:  "If the party required to make the disclosure would need the material to support its own contentions, the more effective enforcement of the disclosure requirement will be to exclude the evidence not disclosed." Fed. R. Civ. P. 26,

Advisory Committee's Notes (1993).  Defendants do not believe such would be an appropriate remedy at this time under the circumstances of this case.  However, in seeking compensation for part of the cost of having to pursue this Motion to Compel, Defendants are mindful that continued non-disclosure only serves to benefit Plaintiffs in this case and thereby prejudices Defendants' ability to assess risk, conduct appropriate discovery in the limited time provided, and, ultimately, to prepare for trial.  Continued refusal to make the required disclosures will soon justify a more heavy-handed approach.  For now, Defendants request only that they be partially reimbursed for the effort necessitated by Plaintiffs' refusal to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii).

WHEREFORE, Defendants request that this Court grant their Motion to Compel, enter an order requiring Plaintiffs to supplement/amend their prior "disclosure" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) to include actual calculation of Plaintiffs' claimed damages and supporting information/documentation as required by the Rule, and award sanctions as allowed under Rule 37(a)(3)(A) for failure to make required Rule 26 disclosures, and grant such other and further relief as this Court deems just and proper.

Dated: May 27, 2010            By:     /s/ Thomas W. Repczynski
                                       Thomas W. Repczynski, VSB No. 39967
                                       OFFIT KURMAN, P.C.
                                       4800 Montgomery Lane, 9th Floor
                                       Bethesda, Maryland 20814
                                       (240) 507-1700 (telephone)
                                       (240) 507-1735 (fax)
                                       trepczynski@offitkurman.com
                                       Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2010, a copy of the foregoing Brief in Support of Motion to Compel Rule 26(a)(1)(A)(iii) Initial Disclosures is, pursuant to the Court's Rule 16(B) Scheduling Order, being sent by electronic mail to Linda B. Matarese and Domenic Matarese at the following email address:

lindamatarese@cs.com

and by first-class mail, postage prepaid to the following:

Linda B. Matarese
801 15th Street South Apt. 1405
Arlington, VA 22202

Domenic Matarese
801 15th Street South Apt. 1405
Arlington, VA 22202

Dated: May 27, 2010

                                            /s/ Thomas W. Repczynski
                                            Thomas W. Repczynski